46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BLUE-SKY, Plaintiff-Appellant,
v.
James GOMEZ, Director, Teena Farmon, Warden CCWF, R. E.
Stebbins, Correctional Officer, C. Castillo; Mary
Harris, Office Asst., and D. Shelton,
Investigations Captain,
Defendants-Appellees.
 No. 94-15539.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Richard Blue-Sky appeals pro se the district court's dismissal of her request for injunctive relief in her 42 U.S.C. Sec. 1983 action. We have jurisdiction to review the denial of Blue-Sky's request for injunctive relief pursuant to 28 U.S.C. Sec. 1292(a)(1). We review de novo the denial of a request for injunctive relief, see Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993), and we affirm.[1]
 
 
 3
 In her complaint, Blue-Sky challenged the conditions of her confinement at Central California Women's Facility at Chowchilla ("CCWF"), specifically the prison officials' handling of her legal mail. Subsequently, Blue-Sky was transferred to the California Institution for Women at Frontera ("CIW"). The district court denied Blue-Sky's request for injunctive relief as moot because Blue-Sky had been transferred to another prison facility.
 
 
 4
 A prisoner's claim for injunctive relief based on conditions in a prison facility becomes moot once the prisoner is transferred from that facility unless she can demonstrate a reasonable expectation of returning to the original facility. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). In her opposition to the defendants' motion to deny her request for injunctive relief, Blue-Sky asserted that her request was not moot because (1) there was a possibility that she would be transferred back to CCWF, and (2) there was a conspiracy between prison personnel at CIW and CCWF. Blue-Sky failed, however, to set forth sufficient facts supporting either her conspiracy claim or her claim alleging that she would be transferred back to CCWF. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (conclusory allegations are insufficient to withstand a motion to dismiss).
 
 
 5
 Accordingly, because Blue-Sky's conclusory allegations failed to demonstrate a "reasonable expectation" of returning to the original facility, the district court properly denied Blue-Sky's request for injunctive relief.[2] See Johnson, 948 F.2d at 519.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Blue-Sky's claim for damages against defendants Stebbins, Castillo, and Shelton remains pending in the district court
 
 
 [2]
 On appeal, Blue-Sky appears to contend for the first time that she is being denied access to the law library and that her mail is being tampered with at the new facility. We decline to consider these issues in the first instance. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir. 1985) (as a general rule this court will not consider issues raised for the first time on appeal)